UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Patricia and Kawana Brown, | Civil Action No.: 3:09cv 932(JCH) |
| Plaintiff, | |
| v. | |
| NCO Financial Systems, Inc., | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiffs, Patricia and Kawana Brown, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiffs, Patricia and Kawana Brown (hereafter "Plaintiffs"), are each adult individuals residing at 669 Waterville St. Apt 405, Waterbury, Connecticut 06710, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant NCO Financial Systems, Inc. (hereafter "Defendant"), is a Pennsylvania corporation with a principal place of business at 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant contacted both Plaintiffs and demanded payment with respect to a student loan debt.

10. The Defendant continually harassed the Plaintiffs with telephone calls several times per day.

11. The individual debt collectors identified themselves only as "Jason" and "Jay" and were extremely abusive on the telephone, using profane language when speaking with the Plaintiffs.

12. The Defendant threatened to garnish the Plaintiffs' wages, put a lien on her home, freeze their assets and injure their credit ratings.

13. The Plaintiffs then contacted the manager, who also used threatening language and who further told Patricia Brown that he would "call the police" if she did not pay for her daughter's student loan.

14. The Plaintiffs have repeatedly requested that the Defendant stop contacting them, but the Defendant has refused and has further threatened to increase the number of calls if the debt is not paid.

15. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendant contacted the Plaintiffs at a place and during a time known to be inconvenient for the Plaintiffs, in violation of 15 U.S.C. § 1692c(a)(1).

18. The Defendant used profane and abusive language when speaking with the consumers, in violation of 15 U.S.C. § 1692d(2).

19. The Defendant caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

20. The Defendant threatened the Plaintiffs with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

21. The Defendant threatened the Plaintiffs with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

22. The Defendant threatened the Plaintiffs with attachment of their property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

23. The Defendant threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

24. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiffs are entitled to damages as a result of Defendant's violations.

**COUNT II**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

27. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

29. Connecticut further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendant violated Connecticut state law.

30. Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing Plaintiffs with phone calls and by repeatedly making threats.

31. The telephone calls made by Defendant to Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiffs," and, "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

32. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

33. As a result of the intrusions and invasions, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

34. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT III
**VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,
Conn. Gen. Stat. § 42-110a,** *et seq.*

35. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Defendant is a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

37. The Defendant engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

38. The Plaintiffs are entitled to damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 3, 2009

Respectfully submitted,

By _____
Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiffs

7